Opinion by
Willson, J.
§ 570. Damages; measure of, on breach of contract; case stated. Appellee brought this suit against appellants to recover damages for the breach of a contract. The contract in substance was, that appellee would ship to appellants at Laredo, freight paid, which was $60 per car load, ten car loads of prairie hay, ten and one-half tons being a car load, for which appellants promised to pay him $16 per ton, payable at Hempstead, Waller county. Appellee shipped appellants five car loads of the hay, for which they paid him according- to contract. They then declined to receive any more hay under the contract, and notified him that if he shipped any more it would be rejected. By the terms of the contract the hay was to be merchantable. Appellee alleged his damages to be $286.25, estimated as the difference between the contract price of the hay and its market value at Laredo at the time of the breach. He recovered judgment for these damages and costs. Held: The universal and cardinal principle in relation to damages is, that the person injured shall receive a compensation commensurate with his loss or injury, and no more; and it is a right of the person who is bound to pay this compensation, not to be compelled to pay more, except costs. This principle is paramount, and by it all rules on the subject of compensatory damages are tested arid corrected. [1 Sutherland, Dam. pp. 18, 19.]
Now, applying this test to the facts of this case, what would compensate appellee for the injury sustained by him? He had not shipped the hay at the time of the breach. Its lowest market value in Waller county, from whence it was to be shipped, was $6 per ton. This price he could have realized for it there. At this price he would have received for the fifty-two and one-half tons *503 the sum of $315. If the hay had. been received and paid for according to the contract it would have yielded him $540. He lost, therefore, $225 by the breach of the contract. But he claims that in Laredo, the market where the hay was to be delivered, it was worth, at the time of the breach, $11.50 per ton, and that he is entitled to recover the difference between this maz’ket value, and the contract price, which is the amount sued for, and for which he has recovered judgment. If he had shipped the hay to Laredo under the contract this position would be correct. But this he had not done. Why then should he be entitled to measure his compezisatiozz by the market, price in Laredo? By the breach of the contract, the hay was left ozz his hands in Waller couzity, and his loss is equal to the differezzce betweezi the contract price and any less sum that the hay was worth at the time of the breach. The loss appellee suffers is the profit he would have made by the completion of the sale, that is, the differezice between the price he was to receive for it, and its znarket value at the time of the breach, at the place where he held it. [1 Sutherland, Dam. pp. 107,108.] The general principle of compensation is, that it should be equal to the injury, and that the amount of benefit which a party to a contract would derive from its perforznance is the measure of his damages if it be broken. This paramount principle, limiting recovery to actual injury, enables a vendee, by zzotice given in advance that he will decline further deliveries, to impose on the vendor the duty to reasonably conduct his affairs so as to lessen damages; and to the extent that damages can thus be avoided, the vendee will be relieved from liability. [2 Sutherland, Dam. pp. 79, 361, 363.] Appellee was notified by appellant not to ship the hay, and not having shipped it when he received this notice, it was his light and duty to resell it to the best advantage in the znarket where it was, azid the true measure of his damage is the differezice between what he would have received for it under the contract, and its market value in Waller county at the *504 date of the breach of the contract, with legal interest on the amount from said date. The judgment rendered is not authorized by the pleadings or the law.
February 25, 1885.
Reversed and remanded.